FILED

2016 FEB 17 AM 10:50

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **SMART PHARMACY, INC.** Plaintiff, | ) | |
| vs. | ) | Case No.: 3:16-cv-145-J-32MCR |
| **ALEXSO, INC.,** Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Smart Pharmacy, Inc. ("**Smart Pharmacy**"), through its undersigned counsel, sues Defendant, Alexso, Inc. ("**Alexso**"), and alleges as follows:

**PARTIES**

1. Smart Pharmacy is a corporation duly organized and existing under the laws of Florida with its principal place of business in Jacksonville, Florida. Smart Pharmacy is a community and compounding pharmacy.

2. Alexso is a foreign corporation organized and existing under the laws of California with its principal place of business in Los Angeles, California. Alexso is subject to this Court's *in personam* jurisdiction because, as explained within this Complaint, it breached contracts by failing to perform certain acts required to be performed in Florida. Alexso is in the business of providing pharmaceutical and over-the-counter medications to pharmacies through its wholesale pharmaceutical distributors.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the dispute arises between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391, because the events giving rise to this complaint happened in this district.

## BACKGROUND

5. TRICARE is a health care program of the United States Department of Defense Military Health System.

6. Smart Pharmacy provides compounded medicines to patients covered by TRICARE.

7. Alexso sells TeroDerm, a base used in compounded medicines.

8. Prior to the TeroDerm Order at issue in this case, Alexso, through its sales representative Bryan Harris ("**Harris**") assured Smart Pharmacy that TeroDerm would be reimbursable under TRICARE.

9. On or about April 28, 2015, Alexso provided Smart Pharmacy with pricing information for TeroDerm.

10. On or about April 29, 2015, Smart Pharmacy ordered a large quantity of TeroDerm for use in compounded medicines for its TRICARE patients (the "**TeroDerm Order**").

11. To process the TeroDerm Order, Alexso required Smart Pharmacy to submit a new Alexso account application (the "**Credit Application**").

12. On April 29, 2015, Smart Pharmacy prepared and submitted its Credit Application.

13. On April 29, 2015, Smart Pharmacy requested an invoice for the TeroDerm Order.

14. On or about April 29, 2015, prior to providing Smart Pharmacy with the Invoices (defined below) for the TeroDerm Order, Alexso charged Smart Pharmacy's VISA Card for invoice #4207.

15. On or about April 30, 2015, prior to providing Smart Pharmacy with the Invoices (defined below) for the TeroDerm Order, Alexso charged Smart Pharmacy's American Express Card for invoice #4208.

16. On April 30, 2015, Alexso provided invoice #4207 dated April 29, 2015, in the amount of $187,500 and invoice #4208 dated April 29, 2015, in the amount of $187,500 marked "Paid" to Smart Pharmacy for the TeroDerm Order (collectively the "**Invoices**"). A true and correct copy of the Invoices are attached hereto and made a part hereof as Exhibit A.

17. The Invoices state that "[f]ailure to notify us in writing within (5) days of your receipt of this confirmation or any necessary corrections to this order shall constitute your agreement with the order specifications and acceptance of our terms and conditions of sale."

18. Smart Pharmacy was never provided with a copy of the "Terms and Conditions of Sale" as referred to on the Invoices.

19. On May 1, 2015, Smart Pharmacy determined that TeroDerm was not reimbursable under TRICARE.

20. On May 1, 2015, Smart Pharmacy verbally notified Alexso that it was canceling the TeroDerm Order.

21. On May 2, 2015, Smart Pharmacy notified Alexso in writing that the TeroDerm Order was canceled, and the TeroDerm Order would not be accepted.

22. Pursuant to the Invoices, the contract was terminated and Smart Pharmacy did not accept their terms and conditions of sale.

23. On May 6, 2015, Smart Pharmacy refused delivery of the TeroDerm Order.

24. On May 12, 2015, Alexso received the returned shipment of the TeroDerm Order.

25. On May 21, 2015, Alexso, through Harris, stated that Smart Pharmacy would be responsible for paying a 25% restocking fee on the returned TeroDerm Order, before a refund would be made to Smart Pharmacy.

26. On May 21, 2015, Alexso, through Harris, acknowledged that TRICARE was not reimbursing for TeroDerm.

27. Alexso has failed, or refuses, to reimburse Smart Pharmacy $187,500 for invoice #4208 of the TeroDerm Order, which was charged to Smart Pharmacy's American Express Card.

28. Alexso has failed, or refuses, to reimburse Smart Pharmacy $187,500 for invoice #4207 of the TeroDerm Order, which was charged to Smart Pharmacy's VISA Card.

29. Smart Pharmacy disputed through VISA the $187,500 payment on invoice #4207, which VISA refunded less $23,715.75 as a restocking fee.

30. All conditions precedent to the bringing of this action have been performed, excused or waived.

## COUNT I

## DECLARATION OF RIGHTS

31. This is an action against Alexso for Declaration of Rights.

32. Smart Pharmacy re-alleges and incorporates herein the allegations contained in paragraphs 1 through 30 above.

33. Smart Pharmacy and Alexso have a pending dispute, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

34. The Court also has jurisdiction over Smart Pharmacy's request for a declaration of rights pursuant to 28 U.S.C. § 2201.

35. Within 5 days of receipt of the Invoices, Smart Pharmacy canceled the TeroDerm Order.

36. Pursuant to the Invoices the contract was terminated.

37. A declaration of rights would serve the useful purpose of clarifying and settling whether the contract was terminated, whether Alexso failed to comply with the terms of the Invoices and whether Smart Pharmacy was required to make payment under the Invoices.

38. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity and controversy giving rise to this proceeding as affecting Smart Pharmacy.

39. Smart Pharmacy has employed the undersigned as attorney in this action and is obligated to pay a reasonable fee plus costs.

40. All conditions precedent to the bringing of this action have been satisfied or waived.

WHEREFORE, Plaintiff, Smart Pharmacy, respectfully requests that the Court declare the rights and duties of the parties consistent with the relief sought by Smart Pharmacy, declare that Smart Pharmacy owes no amounts under the Invoices, and such further relief as the Court may deem just and proper.

## COUNT II

## BREACH OF CONTRACT

41. This is an action against Alexso for breach of contract.

42. Smart Pharmacy re-alleges and incorporates herein the allegations contained in paragraphs 1 through 30 above.

43. Within 5 days of receipt of the Invoices, Smart Pharmacy canceled the TeroDerm Order.

44. Despite Smart Pharmacy's timely cancelation of the TeroDerm Order verbally on May 1, 2015, and in writing on May 2, 2015, Alexso charged Smart Pharmacy's credit cards and shipped the TeroDerm Order.

45. Alexso breached the Invoices by failing to cancel, and then shipping, the TeroDerm Order.

46. Alexso has failed, or refuses, to reimburse Smart Pharmacy $187,500 for invoice #4208 of the TeroDerm Order, which was charged to Smart Pharmacy's American Express Card.

47. Alexo has failed, or refuses, to reimburse Smart Pharmacy $23,715.75 for invoice #4207 of the TeroDerm Order, which was charged to Smart Pharmacy's VISA Card as a restocking fee.

48. As of the date hereof, Alexso is indebted to Smart Pharmacy in the principal amount of $187,500, plus restocking fee of $23,715.75, plus pre- and post-judgment interest.

49. Smart Pharmacy has employed the undersigned as attorney in this action and is obligated to pay a reasonable fee plus costs.

50. All conditions precedent to the bringing of this action have been satisfied or waived.

WHEREFORE, Plaintiff, Smart Pharmacy, respectfully requests that the Court enter a judgment against Defendant Alexso in the principal amount of $211,215.75, plus pre- and post-judgment interest, together with damages, reasonable attorney's fees, costs, and such further relief as the Court may deem just and proper.

**COUNT III**

**BREACH OF WARRANTY**

51. This is an action against Alexso for a breach of warranty.

52. Smart Pharmacy re-alleges and incorporates herein the allegations contained in paragraphs 1 through 30 above.

53. Smart Pharmacy intended to purchase TeroDerm for use as a base in compounded medicines for its TRICARE patients.

54. Alexso, through Harris, assured Smart Pharmacy that TeroDerm would be reimbursable under TRICARE.

55. Alexso knew, or should have known, that Smart Pharmacy was ordering TeroDerm for use in compounded medicines for its TRICARE patients.

56. Smart Pharmacy reasonably relied on the skill or judgment of Alexso that TeroDerm would be reimbursable under TRICARE.

57. Smart Pharmacy placed the TeroDerm Order based on assurances by Alexso that TeroDerm would be reimbursable under TRICARE.

58. Upon determination that TeroDerm was not being reimbursed by TRICARE, Smart Pharmacy canceled the TeroDerm Order verbally on May 1, 2015 and in writing on May 2, 2015.

59. Smart Pharmacy reasonably relied on the false statements made by Alexso that TeroDerm would be reimbursable under TRICARE.

60. Alexso is in possession of the TeroDerm Order.

61. Alexso has failed, or refuses, to reimburse Smart Pharmacy $187,500 for invoice #4208 of the TeroDerm Order, which was charged to Smart Pharmacy's American Express Card.

62. Alexo has failed, or refuses, to reimburse Smart Pharmacy $23,715.75 for invoice #4207 of the TeroDerm Order, which was charged to Smart Pharmacy's VISA Card as a restocking fee.

63. As of the date hereof, Alexso is indebted to Smart Pharmacy in the principal amount of $187,500, plus restocking fee of $23,715.75, plus pre- and post-judgment interest.

64. Smart Pharmacy has employed the undersigned as attorney in this action and is obligated to pay a reasonable fee plus costs.

65. All conditions precedent to the bringing of this action have been satisfied or waived.

WHEREFORE, Plaintiff, Smart Pharmacy, respectfully requests that the Court enter a judgment against Defendant Alexso in the principal amount of $211,215.75, plus pre- and post-judgment interest, together with damages, reasonable attorney's fees, costs, and such further relief as the Court may deem just and proper.

## COUNT IV

## NEGLIGENT MISREPRESENTATION

66. Alternatively, this is an action against Alexso for negligent misrepresentation.

67. Smart Pharmacy re-alleges and incorporates herein the allegations contained in paragraphs 1 through 30 above.

68. Smart Pharmacy intended to purchase TeroDerm for use as a base in compounded medicines for its TRICARE patients.

69. Alexso, through Harris, assured Smart Pharmacy that TeroDerm would be reimbursable under TRICARE.

70. Alexso knew, or should have known, that Smart Pharmacy was ordering TeroDerm for use in compounded medicines for its TRICARE patients.

71. Smart Pharmacy reasonably relied on the skill or judgment of Alexso that TeroDerm would be reimbursable under TRICARE.

72. Smart Pharmacy placed the TeroDerm Order based on assurances by Alexso that TeroDerm would be reimbursable under TRICARE.

73. Upon determination that TeroDerm was not being reimbursed by TRICARE, Smart Pharmacy canceled the TeroDerm Order verbally on May 1, 2015 and in writing on May 2, 2015.

74. Smart Pharmacy reasonably relied on the false statements made by Alexso that TeroDerm would be reimbursable under TRICARE.

75. Alexso is in possession of the TeroDerm Order.

76. Alexso has failed, or refuses, to reimburse Smart Pharmacy $187,500 for invoice #4208 of the TeroDerm Order, which was charged to Smart Pharmacy's American Express Card.

77. Alexo has failed, or refuses, to reimburse Smart Pharmacy $23,715.75 for invoice #4207 of the TeroDerm Order, which was charged to Smart Pharmacy's VISA Card as a restocking fee.

78. As of the date hereof, Alexso is indebted to Smart Pharmacy in the principal amount of $187,500, plus restocking fee of $23,715.75, plus pre- and post-judgment interest.

79. Smart Pharmacy has employed the undersigned as attorney in this action and is obligated to pay a reasonable fee plus costs.

80. All conditions precedent to the bringing of this action have been satisfied or waived.

WHEREFORE, Plaintiff, Smart Pharmacy, respectfully requests that the Court enter a judgment against Defendant Alexso in the principal amount of $211,215.75, plus pre- and post-judgment interest, together with damages, reasonable attorney's fees, costs, and such further relief as the Court may deem just and proper.

Respectfully submitted this 16th day of February, 2016.

H. Timothy Gillis, Trial Counsel
Florida Bar No.: 0133876
Gillis Way & Campbell
1022 Park Street, Suite 308
Jacksonville, FL 32204
Telephone: (904) 647-6476
Facsimile: (904) 738-8640
E-Mail: tgillis@gillisway.com

ATTORNEYS FOR PLAINTIFF