UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SMART PHARMACY, INC.,

    Plaintiff,

v.                                                      Case No. 3:16-cv-00145-TJC-MCR

ALEXSO, INC.,

    Defendant.
_____

### ORDER

This case is before the Court on Defendant Alexso, Inc.'s Motion to Dismiss (Doc. 10) Plaintiff Smart Pharmacy, Inc.'s Complaint (Doc. 1). Smart Pharmacy filed a Response (Doc. 11) and Alexso filed a Reply in Support (Doc. 15). On July 14, 2016, the Court held a hearing on the motion, the record of which is incorporated by reference.

Alexso challenges that it is subject to personal jurisdiction in Florida. To meet the personal jurisdiction test, the plaintiff must show that there is a basis for jurisdiction under Florida's long-arm statute and that sufficient minimum contacts exist to satisfy due process. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996).

Upon review, the Court determines there is a statutory basis under Florida's long-arm statute to find personal jurisdiction over Alexso. A party which "breaches a contract in this state by failing to perform acts required by the contract to be performed in this state" will be subject to the jurisdiction of the court. Fla. Stat. § 48.193(1)(g). Failure to perform a requirement under the contract in Florida, even when the location is not expressly stated, is sufficient to satisfy § 48.193(1)(g). See Advanced Bodycare Solutions LLC v.

Thione Intern, Inc., 514 F.Supp.2d 1326, 1330 (S.D. Fla. 2007) (finding § 48.193(1)(g) established jurisdiction despite defendant's argument that it had not failed to perform an act in Florida required by the contract because plaintiff elected delivery designation from defendant's third-party distributor). Smart Pharmacy has sufficiently shown that § 48.193(1)(g) extends to Alexso. Alexso knew that Smart Pharmacy was a Florida resident and that Alexso's product was being shipped to Florida—as shown by the invoice Alexso generated and sent to Smart Pharmacy. Smart Pharmacy alleges that Alexso failed to make corrections to the order within the allotted 5 day period by not cancelling shipment or refunding the monies paid. Because personal jurisdiction is satisfied under § 48.193(1)(g), there is no need to address alternative arguments raised at the hearing, but not pled in the Complaint.

Additionally, there is sufficient evidence that Alexso had minimum contacts with Florida to support personal jurisdiction. Personal jurisdiction does not violate due process when a plaintiff shows: a) the defendant established minimum contacts with the forum state and b) extending jurisdiction over the defendant does not offend the notion of fair play and justice. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985). "Minimum contacts" mean 1) the cause of action must be related to the defendant's contact with the forum, and 2) the defendant purposefully availed itself of the privilege of conducting business within the forum 3) such that the defendant should have reasonably anticipated being haled into court in the forum. Posner v. Essex Ins. Co., 178 F.3d 1209, 1220 (11th Cir. 1998). Once minimum contacts are established, it is the defendant's burden to show jurisdiction would offend the notion of fair play and justice. See id. at 1221.

Alexso cites <u>Burger King</u> to support its argument that the contract was a "one time deal" and, therefore, not sufficient to satisfy minimum contacts. While the Court in <u>Burger King</u> did state "an individual's contract with an out-of-state party <u>alone</u> can [not] automatically establish sufficient minimum contacts," 471 U.S. at 478, the Court noted that contracts are typically an "intermediate step" serving to bound business negotiations with future consequences. <u>Id.</u> at 479. Therefore, additional factors like "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" should be evaluated when determining whether minimum contacts exist. <u>Id.</u>

In <u>Burger King</u>, the Court held that exercising long-arm jurisdiction over a Michigan franchisee in Florida did not offend due process. <u>Id.</u> at 487. There, the franchisee established a carefully negotiated, long-term contract where Burger King agreed to provide the franchisee with market research, advertising assistance, and on-going training. <u>Id.</u> at 464-65. The Court reasoned that, even though the franchisee had no direct connection with Florida, other than the franchisee's attendance at a brief training course in the forum, the dispute stemmed from "a contract which had a <u>substantial</u> connection with the State." <u>Id.</u> at 479. The Court stated that "[t]he 'quality and nature' of [the franchisee's] relationship to the company in Florida [could] in no sense be viewed as 'random,' 'fortuitous,' or 'attenuated.'" <u>Id.</u> at 480 (citations omitted). Thus, the Court found the defendant 'should [have] reasonably anticipate[d] being haled into Court." <u>Id.</u> (quotations omitted).

Here, Smart Pharmacy is not relying solely on its contract with Alexso to establish that Alexso has minimum contacts with Florida. Smart Pharmacy's cause of action relates

3

to Alexso shipping its product to Florida. Alexso was registered to do business in Florida, had an agent in Florida, and did eight percent of its national business with customers in Florida. Further, Alexso did not indicate anything other than inconvenience of venue that would demonstrate personal jurisdiction over it offends notions of fair play and justice.

Accordingly, it is hereby

**ORDERED**:

1. Alexso's Motion to Dismiss (Doc. 10) is **DENIED**. No later than **August 27, 2016**, Alexso shall file an Answer to Smart Pharmacy's Complaint.

2. The Court will suspend filing of the case management report. This case is hereby referred to the Honorable Monte Richardson, United States Magistrate Judge, with his consent, to conduct a settlement conference. The parties should contact Judge Richardson's chambers at 904-301-6740 to set up the settlement conference. Judge Richardson will decide whether the parties should appear in person or by telephone.

3. If the case does not settle, the Court will direct the parties to file a case management report.

**DONE AND ORDERED** in Jacksonville, Florida the 28th day of July, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

ch.
Copies to:
Hon. Monte C. Richardson
Counsel of record